### G. W. Boyd v. The State.

No. 11853.   Delivered June 20, 1928.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for misdemeanor theft; punishment, a fine of $25.00 and ten days in the county jail.

Appellant borrowed a car from Paul James in Fannin county, Texas, telling him that he would bring the car back in a couple of hours.   Sometime later the car was located by officers and found in Bryan, Texas, something like one hundred miles from the place where same was borrowed.   Appellant was located in Houston and arrested.   Aside from some testimony tending to reflect upon James, and as affecting the value of the alleged stolen car, appellant offered no testimony.

Appellant seems to have defended himself, and presented several special charges which were inaptly drawn and do not present correct principles of law, and some of same were unsupported by any testimony.   There are several bills of exception, but none of same present any matter of serious import. · Bill No. 1 complains of the refusal of the court to let appellant introduce an affidavit sworn to by a deputy sheriff stating the value of the car as $75.00.   The court's rejection of this was correct.   One bill complains of the refusal of

the court to give a special instruction that if appellant held the car subject to the rights of the owner, and not adversely, he should be acquitted. There is no suggestion of any testimony calling for the submission of such charge. There is a bill of exceptions complaining of the refusal of the court to instruct the jury that if any witness agreed with defendant that defendant should pay for the property in question, such witness would be an accomplice. There is no testimony that anyone made any such agreement with the defendant. A special charge was asked that if the jury found from the evidence that no fraudulent intent existed at the very time of the conversion, appellant should be found not guilty. The charge in this case was theft by bailee. In such case it is not necessary that there exist in the mind of the accused, at the time of the taking, any fraudulent intent to appropriate. One bill complains of the refusal of the court to allow in evidence an indictment charging appellant with the theft of a Ford automobile of the value of $75.00. We do not see any error in the rejection of this testimony. Appellant offered to show by the foreman of the grand jury that the complaining witness had testified before the grand jury that the value of the car alleged to have been stolen was $75.00. We fail to perceive the materiality of such testimony. The testimony before the jury showed that the value of the car was $30.00. We have carefully examined the entire record and find no error therein.

The judgment will be affirmed.

*Affirmed.*